OMER D. COLE V. THE STATE.

No. 20138. Delivered February 8, 1939.
Rehearing Denied March 8, 1939.

The opinion states the case.

*Frank Vaughan,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is negligent homicide; the punishment assessed is a fine of $150.00.

It appears from the record that on the 27th day of December, 1937, while appellant and his wife were going from San Antonio to Seguin in an automobile, they collided with a car driven by Paul Lieck. Appellant was driving on highway 3-A leading from San Antonio east by way of Seguin. Lieck, his wife and his sister-in-law were traveling in a 1928 model Ford Coupe on the Trainer-Hale road going south. The collision occurred at the point where the Trainer-Hale road crossed the highway from San Antonio to Seguin. As a result of the collision, Lieck's sister-in-law was so seriously injured that she later died. The negligence charged in the complaint and information was that appellant exceeded the speed limit of forty-five miles per hour. Appellant waived a jury and submitted

the case to the court who decided the issues raised adversely to his contentions.

Bill of exception number one reflects the following occurrence. At the close of all the testimony, the county attorney announced that he would waive argument, but reserved the right to reply to the argument of defense counsel in case he should argue the facts before the court. Counsel for defendant thereupon asked the court to require the county attorney to make an opening address or refrain from making any reply to the argument presented by the defendant. The court declined to comply with the request, stating that while all the facts had been presented, he would hear counsel for defendant and permit the county attorney to reply thereto. That if defendant's counsel desired to reply to the state's argument, he would be given an opportunity to do so. This procedure was followed over the objection of the defendant who duly excepted.

Art. 648, C. C. P., provides as follows: "The order of argument may be regulated by the presiding judge, but the state's counsel shall have the right to make the concluding address *to the jury.*"

It occurrs to us that under the article above quoted, the court has the right to direct the order of argument. Furthermore, where the case is tried before the court without a jury as was done in the instant case, no possible harm could have resulted from the procedure pursued as the defendant's counsel was given an opportunity to reply to the county attorney's argument. See King v. State, 67 S. W., 411.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—Appellant earnestly insists that the evidence is insufficient to sustain the conviction, his first contention being that the proof failed to show beyond a reasonable doubt that he operated his automobile at a greater rate of speed than forty-five miles per hour. It is observed that a witness for the state testified:

"When I looked up the highway towards San Antonio I saw

the car coming, which was about 900 feet away, and it was going about 50 or 55 miles an hour."

It is true that appellant testified that he was driving his car at a rate of speed not exceeding forty miles an hour. The trial court was warranted in accepting the testimony of the state's witness to which we have referred.

We are unable to agree with the appellant that the evidence is insufficient to show beyond a reasonable doubt that the death of Gertrude Real resulted from the collision.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.