Willie Cannon NELSON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–91–00574–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 19, 1992.

John V. Tarleton, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Willie Cannon Nelson, appeals his judgment of conviction for the offense of aggravated sexual assault of a child. The jury rejected appellant's plea of not guilty and assessed punishment at forty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

In his first point of error appellant asserts that the trial court erred by denying the defense the right of a meaningful notice and reply in jury argument, both upon the merits of the felony charge and on the punishment phase of the prosecution.

After completing the court's charge, and prior to argument, the trial court made the following inquiry of appellant's counsel:

THE COURT: How much time do you need, Mr. Tarleton?

MR. TARLETON: How much time by the State?

THE COURT: Well, I'm asking you first.

MR. TARLETON: Oh, Judge, I shouldn't have to go. First of all, the order in which you may allow this prosecution to proceed, because I'm going to otherwise—it's just my motion that he open meaningful before I should be required to reply. Otherwise, the Court has effectively shifted the burden of proof to the defendant to in any way open without right as required and no restrictions at all upon the prosecution. So, I have to know if the prosecution is going to attempt to waive in the way of argument, and if he does, the waive be meaningful and effective and that his—any following of me in argument, it must be limited to what I raise at the very least. So—

THE COURT: How much time do you need, Mr. Burns? I didn't get an answer from Mr. Tarleton.

MR. BURNS: Fifteen minutes, twenty minutes.

THE COURT: How much time do you need, Mr. Tarleton?

MR. TARLETON: Give me thirty to forty minutes.

THE COURT: All right. All right. Mr. Koch, we're ready for the jury.

Thereafter, the State's attorney made an opening argument which consumes 3½ pages of the appellate record. The court then invited appellant's counsel to present argument:

MR. TARLETON: Your Honor, before I begin to speak let the record reflect that the prosecution has properly opened and is otherwise bound, except what I may bring up newly in this final rebuttal. Let the record reflect that he has touched on the Charge, that he has touched on the elements of the offense. With nothing else in his opening statement and statement properly in, that he should be admonished now that he's confined to anything that I bring up new in his rebuttal.

THE COURT: Go ahead and proceed.

Appellant's counsel then presented an argument which consumes 26½ pages of the appellate record. The prosecutor then presented a rebuttal which comprises 18½ pages of the appellate record. When the State's attorney finished, appellant's counsel inquired:

MR. TARLETON: May I be heard in any reply?

THE COURT: No, sir. You had your forty minutes.

Thereafter, at the conclusion of the punishment phase of the trial, a similar scenario unfolded:

THE COURT: Okay, Mr. Burns, you may open for the State.

MR. BURNS: Judge, I waive opening and reserve my time for closing.

THE COURT: All right. Mr. Tarleton, please proceed.

MR. TARLETON: I will, upon noting for the record my insistence that I have opportunity to the statute some right of reply to whatever it is that prosecution initially intends to state. The statute again is clear that no side shall be limited to less than two arguments in a felony case, the clear import of which is to provide some meaningful right of reply.

THE COURT: Please proceed.

Whereupon, appellant's counsel proceeded to deliver an argument which consumes approximately 12 pages of the appellate record. In reply thereto, the trial prosecutor presented an argument which comprises approximately 6 pages of the appellant record. At the conclusion of the State's argument, appellant's attorney again remarked:

THE COURT: Members of the jury—sir?

MR. TARLETON: No, I was going to request a right of reply.

▮ The appellant contends in his first point of error that the trial court erred when it did not compel the State to make a complete and full opening argument, when it failed to restrict the State's final argument to rebuttal of the appellant's argument, and when it failed to permit him to respond to the State's final argument.

The order and format of oral argument are set forth in two provisions of the Texas Code of Criminal Procedure. The first provision states:

> The order of argument may be regulated by the presiding judge; but the State's counsel shall have the right to make the concluding address to the jury. TEX. CODE CRIM.PRO.ANN. art. 36.07 (1981).

The second statute provides:

> The court shall never restrict the argument in felony cases to a number of addresses less than two on each side. TEX.CODE CRIM.PRO.ANN. art. 36.08 (1981).

As these statutes make clear, the trial judge has considerable discretion in directing the format and order for argument. The trial court could, for example, permit ten alternating arguments if the court was so disposed. The only statutory obligation which the court must fulfill is to *allow* the State to make two arguments, one of which must be the concluding address. There is nothing within the statute, however, which would *require* the State's attorney to make an opening argument. Article 36.08 would, on its face, appear to give both the State and the defendant the right to make at least two arguments. However, this same language was interpreted long ago to mean that the defense is entitled to make two arguments only when the defendant is represented by more than one attorney. *Varela v. State*, 561 S.W.2d 186, 192 (Tex. Crim.App.1978) (when defendant was represented by only a single attorney, trial court did not abuse its discretion by not permitting defense counsel to make more than one argument to the jury). *Pryor v. State*, 449 S.W.2d 482 (Tex.Crim.App.1969).

Of course, the trial court could, in its discretion, require the State to make a full and complete opening argument by allowing the defendant additional arguments until such time as the State made a full and complete argument. *Cole v. State*, 136 Tex.Crim. 401, 125 S.W.2d 575 (1939). However, the trial court did not choose to impose this requirement upon the State in the instant case, and no such requirement is mandated by statute. *See Granato v. State*, 493 S.W.2d 822 (Tex.Crim.App.), *cert. denied*, 414 U.S. 1009, 94 S.Ct. 372, 38 L.Ed.2d 247 (1973).

Finally, there is no statutory restriction upon the State's concluding address. In other words, the State is not compelled to restrict its arguments purely to rebuttal of defensive arguments. For example, when in *Martin v. State*, 623 S.W.2d 391 (Tex. Crim.App.1981) the defendant chose to waive argument after the State gave a short opening argument, the Court of Criminal Appeals held that the trial court did not err in permitting the prosecutor to give a concluding argument. Appellant's first point of error is overruled.

▮ In his second point of error appellant contends that the court erred by permitting the prosecution to introduce evidence of a deferred adjudication previously granted appellant on a charge of attempted

burglary of a building with intent to commit theft during the proceedings on punishment.

At the punishment phase of the trial, the State introduced into evidence proof of the fact that appellant was on deferred adjudication for attempted burglary of a building. (State's ex. # 2). Appellant contends in his second point of error that the trial court erred in admitting evidence of deferred adjudication since the same does not constitute a conviction. However, when the legislature created deferred adjudication as a possible remedy it also specifically provided that "upon conviction of a subsequent offense, the fact that the defendant had previously received probation [deferred adjudication] shall be admissible before the court or jury to be considered on the issue of penalty." TEX.CODE CRIM.PRO.ANN. art. 42.-12, § 5(c)(1) (Vernon Supp.1992). *Brown v. State,* 716 S.W.2d 939, 950 (Tex.Crim.App. 1986) ("it is clear that it is the legislative intent that a pending order of deferred adjudication is admissible at the penalty stage of a bifurcated trial"). Appellant's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.