Andrew Dwayne **BURNETT**, Appellant,

v.

The **STATE of Texas**, Appellee.

No. 01–96–00768–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 22, 1997.

Discretionary Review Refused Oct. 15, 1997.

Isidro Dominguez Cantu, Houston, for Appellant.

Keli Pool Roper, Houston, for Appellee.

Before TAFT, MIRABAL and WILSON, JJ.

## OPINION

TAFT, Justice.

Appellant, Andrew Dwayne Burnett, pleaded guilty to the offense of aggravated robbery. The trial court found appellant guilty and assessed punishment at 40–years confinement. The important issue we address is whether appellant was deprived of counsel during the time he was required to file a motion for new trial so as to entitle appellant to another opportunity to file and seek a hearing on a motion for new trial. We also consider whether trial counsel was ineffective for not objecting to prosecutorial argument and whether the trial court erred in limiting defense counsel to one argument. We affirm.

### Facts

Appellant was sentenced on May 7, 1996. No motion to withdraw filed by appellant's court-appointed trial counsel appears in the record. On June 4, 1996, appellant attempted to file a pro se notice of appeal in this Court. It appears that appellant's mother is the person who tried to file notice of appeal on behalf of appellant based on a letter written by her that appears to have accompanied the notice of appeal. The notice of appeal stated that appellant was told by his attorney that appellant needed to "write this letter"

[apparently referring to the notice of appeal] to appeal the length of the sentencing. The letter of appellant's mother explained she was writing the accompanying letter asking for a lighter sentence because she and her son had not had much cooperation with trial counsel. The clerk of the appellate court forwarded the notice of appeal to the Harris County district clerk's office. Appellant's notice of appeal was filed in the district court on June 11, 1996. Appellant filed an affidavit of indigency and requested the court to appoint appellate counsel on June 19, 1996; counsel was appointed that day. The same day a letter of assignment was written by the clerk's office stating that appellate counsel was "to be determined." A motion for extension of time to file notice of appeal was timely filed by appointed appellate counsel; this Court granted the motion, rendering notice of appeal effective.

### Deprivation of Counsel During Time to File Motion For New Trial

In his first point of error, appellant contends he was deprived of counsel and urges this court to abate the appeal so that he may file an out-of-time motion for new trial. Appellant claims he was deprived of counsel during the period in which a desired motion for new trial was required to be filed.

A defendant in a criminal case may file or amend a motion for new trial within 30 days of the imposition of sentence. TEX.R.APP.P. 31(a)(1). Appellant's sentence was imposed on May 7, 1996, but appellate counsel was not appointed until June 19, 1996, 12 days after the required period to file a motion for new trial. Rule 2(b) of the Texas Rules of Appellate Procedure allows a court of appeals to suspend rules in criminal matters "in the interest of expediting a decision or for other good cause shown." This Court has held that where a defendant has been effectively denied the right to counsel during the period in which a motion for new trial must be filed,

good cause to suspend the rules and reinstate jurisdiction to the trial court has been shown under rule 2(b). *See Cox v. State,* 797 S.W.2d 958, 959 (Tex.App.—Houston [1st Dist.] 1990, no pet.); *Callis v. State,* 756 S.W.2d 826, 827 (Tex.App.—Houston [1st Dist.] 1988, no pet.). The State urges us to reconsider these cases in light of *State v. Garza,* 931 S.W.2d 560 (Tex.Crim.App.1996), which recently addressed whether a trial court can grant an out-of-time motion for new trial. The court defined the scope of rule 2(b) as not authorizing the retroactive suspension of rules governing events that have already occurred at the trial level before the record has been conveyed to the appellate court. *Id.* at 563. The court indicated that even if an appellate court had authority to extend jurisdiction of the trial court, it would not hold an appellate court was bound to, even on a showing of good cause. *Id.*

■ We continue to see cases dealing with "the ambiguity of representation which all too often follows a conviction." *See Boyette v. State,* 908 S.W.2d 56, 57 (Tex.App.—Houston [1st Dist.] 1995, no pet.) (quoting *Ward v. State,* 740 S.W.2d 794, 797 (Tex.Crim.App. 1987)). Since 1987 with the holding of *Ward* and the enactment of article 26.04,[1] appointed trial counsel continues to represent a defendant, as a matter of law, until officially relieved or the appeal is exhausted. Nevertheless, we continue to see claims that appointed trial attorneys are not providing representation in the critical 30-day period between sentencing and time for filing a motion for new trial. As the Court of Criminal Appeals recognized, trial courts occasionally appoint counsel for trial only. *Ward,* 740 S.W.2d at 797. Indeed, in the present case there are different forms in Harris County for the appointment of trial and appellate counsel, indicating a widespread practice we have observed of bifurcating the assistance of counsel into trial representation and appellate

---

1. *Ward* relied on the principle that trial counsel continues to represent a defendant on appeal in the absence of a motion to withdraw. *Ward v. State,* 740 S.W.2d 794, 797 (Tex.Crim.App.1987). *Ward* also acknowledged the enactment of article 26.04(a) of the Code of Criminal Procedure which provides "An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel." TEX.CODE CRIM P.ANN. art. 26.04(a) (Vernon 1989); *Ward,* 740 S.W.2d at 796 n. 5.

representation. The problem arises between sentencing, when trial counsel mistakenly believes representation has ceased despite not having obtained an order of the court relieving trial counsel of further representation in the case, and the appointment of appellate counsel. *See Ward,* 740 S.W.2d at 796–800. While *Ward* dealt with the denial of a statement of facts on appeal during this period, the same issues are involved where, as here, appellant is claiming a denial of the opportunity to file a motion for new trial.

■ Whether the claim is made in terms of deprivation of counsel or ineffective assistance, a common problem is the lack of a record from which to determine whether there has been a smooth transition of representation from trial to appeal. Where a defendant has been deprived of a meaningful appeal because of ineffective assistance of counsel, there no longer is any question that defendant is entitled to relief. *See Evitts v. Lucey,* 469 U.S. 387, 397, 105 S.Ct. 830, 837, 83 L.Ed.2d 821 (1985). This is most clearly the situation where, as in *Ward,* the deprivation of a statement of facts is devastating to the ability to pursue an appeal. It is less clear in regard to a motion for new trial, which is not necessary to pursue an appeal, and might be filed for purposes of extending appellate timetables. *See Trevino v. State,* 565 S.W.2d 938, 942 (Tex.Crim.App.1978) (Dally, J., dissenting) (commenting that motions for new trial are often abandoned).

In this opinion, we examine precedent, particularly from this Court, to reassess the most reasonable way to address the problem of ambiguous representation between trial and appeal as it impacts a defendant's opportunity to file a motion for new trial. The first, and most significant case is *Callis v. State,* 756 S.W.2d 826 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

## A. Principles From Precedents

In *Callis,* this Court initially responded to an objection to the record regarding the date on which appellate counsel was appointed.

*Id.* at 827. Because the date was crucial to a determination of whether Callis had been deprived of counsel during the critical period in which a motion for new trial could have been filed, this Court had remanded the case to the trial court to hold a hearing and determine the true date of appointment. *Id.* The opinion cited *Trevino v. State,* 565 S.W.2d 938, 941 (Tex.Crim.App.1978), for the proposition that if appellate counsel is not appointed until after the 30 days in which to file a motion for new trial, then an accused has been denied his sixth amendment right to counsel during a critical stage of the prosecution. *Callis,* 756 S.W.2d at 827.

What *Trevino* actually stands for is that the motion for new trial is a critical stage of proceedings. *Trevino,* 565 S.W.2d at 940. In *Trevino,* defendant's counsel did not show up at the motion for new trial hearing which was conducted with the accused representing himself despite numerous complaints of need for his attorney. *Id.* at 940. While *Trevino* does not stand for the exact proposition for which it was cited in *Callis,* that proposition has been recognized to be a logical extension of the holding of *Trevino. See Oldham v. State,* 889 S.W.2d 461, 462 (Tex.App.—Houston [14th Dist.] 1994), *pet. dism'd as improvidently granted,* No. 1350–94, —— S.W.2d —— 1996 WL 333687 (Tex.Crim.App. June 19, 1996) ("If a hearing on a motion for a new trial is a critical stage, then logic dictates that the time period for filing the motion is also a critical stage of the proceedings.").

In *Callis,* trial counsel filed notice of appeal on the date of sentencing. 756 S.W.2d at 827. This Court relied upon the trial court's docket sheet entry on the date of sentencing, stating that counsel on appeal was "to be determined," as showing the trial court's conclusion that trial counsel would not be further involved with the case. *Id.* This Court assumed that trial counsel would not have considered the motion for new trial a part of his responsibility. *Id.*[2] At the hearing on remand, the trial court had been unable to determine when counsel was appointed on

---

**2.** This Court may have overlooked *Ward* and article 26.04(a) of the Code of Criminal Procedure. As pointed out in footnote one, both common law and statute had placed a legal duty on trial counsel to continue to represent an accused until relieved by the trial court or the appeal is finished.

appeal. *Id.* To be safe, this Court refused to speculate that counsel might have represented Callis during the time when a motion for new trial could have been filed. *Id.* This Court cited *Whitmore v. State,* 570 S.W.2d 889 (Tex.Crim.App.1976),[3] for the proposition that procedural rules must yield to constitutional rights. *Callis,* 756 S.W.2d at 827. This Court concluded that Callis had successfully met his burden of showing he was not represented by counsel during a critical stage despite the trial court's inability to determine when appellate counsel had been appointed. *See id.*

In *Callis,* this Court followed the remedy afforded in *Trevino* and set aside the sentence and notice of appeal, returning the case to the trial court so that Callis would have 30 days to file a motion for new trial. *Callis,* 756 S.W.2d at 827. Unfortunately, this overlooked the change in the law regarding sentencing in the state of Texas which had taken place since *Trevino.* At the time Trevino was sentenced, sentence was not pronounced immediately after judgment unless the defendant waived his 10 days in which a motion for new trial could have been filed. *See* former TEX.CODE CRIM.P.ANN. art. 40.05,[4] 42.03;[5] *Ex parte Shields,* 550 S.W.2d 670, 674 (Tex. Crim.App.1976) *on rehearing.* Instead, sentence was pronounced *after* a motion for new trial had been overruled. *See* TEX.CODE CRIM.P.ANN. art. 42.03. Notice of appeal was filed within 10 days after overruling of a motion for new trial, and the trial court could permit late notice of appeal for good cause

shown. *See* former TEX.CODE CRIM.P.ANN. art. 44.08.[6]

In 1981, the Code of Criminal Procedure was amended to provide that a motion for new trial shall be filed within 30 days after sentencing. *See* former TEX.CODE CRIM. P.ANN. art. 40.05.[7] The remedy in *Callis* did not take into account the change in the law which changed the time for filing motions for new trial from before sentencing until after sentencing. Thus, in *Callis,* it was unnecessary to have set aside the sentence and notice of appeal; it was only necessary to have remanded for a new 30 days in which to file a motion for new trial.

In *Cox,* this Court followed *Callis* and apparently concluded deprivation of counsel based solely on the appointment of appellate counsel 33 days after sentencing. *Cox,* 797 S.W.2d at 959. The facts about who filed notice of appeal, and when, were not set out in *Cox.* Because of its paucity of facts, *Cox* is an ambiguous basis, itself, for resolving the ambiguity of representation problem presented here.

The Fourth Court of Appeals was faced with a similar claim in *Ortega v. State,* 837 S.W.2d 831 (Tex.App.—San Antonio 1992, no pet.). Ortega had relied upon *Callis* to claim he had been deprived of counsel during the period for filing a motion for new trial. *Ortega,* 837 S.W.2d at 831–32. Appellate counsel had not been appointed until after the 30 days in which to file a motion for new trial had run. *Id.* at 832. Ortega claimed trial counsel's responsibilities ended at sentenc-

**3.** In *Drew v. State,* 743 S.W.2d 207 (Tex.Crim. App.1987), the decision in *Whitmore* was explained and limited to the peculiar procedure then in effect which made the trial court the first appellate court. *Drew,* 743 S.W.2d at 224–25; *see* TEX.CODE CRIM.P.ANN. art. 40.09(12) Act of May 27, 1965, S.B. 107, 59th Leg., R.S., 1965 Tex. Gen.Laws 317, 482, (establishing duty of trial court to decide from briefs and oral arguments, if any, whether the defendant should be granted a new trial), *repealed by* Act of May 26, 1985, H.B. 13, 69th Leg., R.S., 1985 Tex.Gen.Laws 2472, 2473. In *Drew,* it was also pointed out that even under *Whitmore* the good reason for departing from the procedural rules must be shown. *Drew,* 743 S.W.2d at 225.

**4.** Act of May 27, 1965, S.B. 107, 59th Leg., R.S., 1965 Tex.Gen.Laws 317, 483, *repealed by* Act of

May 26, 1985, H.B. 13, 69th Legis., R.S., 1985 Tex.Gen.Laws 2472, 2473.

**5.** Act of May 9, 1973, H.B. 403, § 1, 63rd Leg., R.S., 1973 Tex.Gen.Laws 205, 205, *amended by* Act of June 8, 1981, 67th Leg., R.S., ch. 291, § 113, 1981 Tex.Gen.Laws 761, 809 [hereinafter TEX.CODE CRIM.PROC.ANN. art. 42.03].

**6.** Act of May 27, 1965, S.B. 107, 59th Leg., R.S., 1965 Tex.Gen.Laws 317, 512, *repealed by* Act of May 26, 1985, 69th Legis., R.S., 1985 Tex.Gen. Laws 2472, 2473.

**7.** Act of May 31, 1981, 67th Leg., R.S., ch. 292, 1981 Tex.Gen.Laws 761, 819–20, *repealed by* Act of May 26, 1985, H.B.13, 69th Legis., R.S., 1985 Tex.Gen.Laws 2472, 2473.

ing. *Id.* The Fourth Court of Appeals cited *Ward* for the proposition that appointed trial counsel remains until expressly permitted to withdraw. *Id. Callis* was distinguished on the basis that the record there showed trial counsel's representation had ended, with the trial court's knowledge, during the period for filing a motion for new trial. Nothing in the *Ortega* record showed that appointed trial counsel tried, or was permitted, to withdraw until replaced with appellate counsel. *Ortega*, 837 S.W.2d at 832. Unfortunately, when notice of appeal was filed, and by whom, was not stated in the *Ortega* opinion. Neither did *Ortega* address *Cox* or the apparent conflict between its decision and *Cox.*

The Fourteenth Court of Appeals addressed the same scenario before us in *Oldham v. State*, 889 S.W.2d 461 (Tex.App.— Houston [14th Dist.] 1994), *pet. dism'd as improvidently granted*, No. 1350–94, —— S.W.2d —— 1996 WL 333687 (Tex.Crim.App. June 19, 1996). Oldham filed notice of appeal pro se on the twenty-eighth day after sentencing. *Oldham*, 889 S.W.2d at 461. Unlike the present case, Oldham filed notice of indigency the same day. *Id.* Appellate counsel was not appointed for Oldham until 63 days after the deadline for filing a motion for new trial. *Id.* The Fourteenth Court of Appeals recognized the law requiring appointed trial counsel to continue representing an indigent defendant until relieved, but held that appellant's trial counsel "seemed to believe his representation of appellant ended after trial." *Id.* at 462. Based on the lack of any indication that trial counsel ever requested, or was permitted, to withdraw, the court held that Oldham had been deprived of counsel "as a practical matter." *Id.* The Fourteenth Court of Appeals found support in this Court's *Callis* and *Cox* decisions. *Id.* It expressly declined to follow *Ortega* from the Fourth Court of Appeals. *Oldham*, 889 S.W.2d at 463. *Oldham* provided the same outdated remedy from *Trevino* that this Court had prescribed in *Callis* and *Cox. Oldham*, 889 S.W.2d at 463.

This Court revisited the same issue in *Boyette v. State*, 908 S.W.2d 56 (Tex.App.— Houston [1st Dist.] 1995, no pet.). We thoroughly reviewed the law in this area. *Id.* at 57–59. While recognizing Boyette was still

officially represented by trial counsel, we nevertheless held there was an effective deprivation of counsel. *Id.* at 59. We held that notice of appeal signed solely by the defendant, together with a motion requesting the appointment of appellate counsel, both filed on the date of sentencing, indicated trial counsel did not intend to pursue his client's appeal, placing the trial court on notice of the necessity for appointing appellate counsel. *Id.* (relying on *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex.Crim.App.1988), for that concept). Thus, when appellate counsel was not appointed until 46 days after sentencing, this Court held Boyette had been deprived of counsel. *Boyette*, 908 S.W.2d at 59. Interestingly, in *Boyette*, the remedy was not to disturb the trial court's judgment as in *Callis, Cox*, and *Oldham*, but to remand for appellate timetables to begin anew from the date of receipt of mandate. *Id.*

 A distillation of these cases produces the following guidance: (1) pro se notice of appeal and request for appointment of counsel filed on the date of sentencing are an indication that trial counsel no longer represents an appellant, even in the absence of an official withdrawal by trial counsel; (2) notice of appeal filed by trial counsel on the date of sentencing together with record notations that appellate counsel is to be determined demonstrates that trial counsel was no longer representing an appellant; and (3) pro se notice of appeal even filed 28 days after sentencing, together with notice of indigency, is sufficient indication that trial counsel no longer represents an appellant; but (4) the mere appointment of appellate counsel after the 30 days in which to file a motion for new trial may or may not be a sufficient basis to conclude deprivation of counsel occurred.

### B. Application to This Case

 In this case, pro se notice of appeal was not filed until 35 days after sentencing. There is a record notation by the clerk in a letter of assignment, dated 43 days after sentencing, that appellate counsel was "to be determined." This was the same date appellate counsel was appointed, just in time to file a motion for extension of time to make appellant's untimely filed notice of appeal

effective. The question before us is "Are the indications of deprivation of counsel sufficient to bring this case within the rules established by the prevailing case law?" The indications here are: (1) appellant's statement, in a notice of appeal received by this Court on the twenty-eighth day after sentencing, that trial counsel told appellant that he needed to write this letter to appeal the length of sentence; (2) appellant's notice of appeal was filed pro se; and (3) appellant's mother's statement, in a letter accompanying notice of appeal, that she and appellant had not had much cooperation from trial counsel.

Admittedly these three indications are consistent with appellant's position that he was deprived of counsel during the period in which a motion for new trial could have been filed. The question, however, is do these indications *establish* deprivation of counsel. The filing of pro se matters does not establish deprivation of counsel, because the practice is commonplace when defendants are represented by counsel. Appellant's mother's letter, asking for a lighter sentence on behalf of her son, which included the statement that trial counsel had not been cooperative, does not establish deprivation of counsel. It only establishes uncooperative counsel. Appellant's statement that trial counsel told appellant that he needed to write this letter to appeal the length of his sentence is the strongest indication of deprivation of counsel. But it actually establishes that trial counsel had advised appellant about the mechanics of appealing. In what context that advice was given is simply not shown by the record. Even considering all three indications together, however, we hold that the record does not establish deprivation of counsel.

■ The problem with the record before us is that, as with most allegations of ineffective assistance of counsel, the allegation of deprivation of counsel is not firmly founded on the record. Moreover, while ineffective assistance of counsel claims must overcome a strong appellate presumption of effectiveness, a claim of deprivation of appellate counsel must also overcome a statutory duty that appointed trial counsel continues as counsel until the appeal is finished or a motion for

withdrawal is granted. There is, thus, an arguably stronger basis in this type of case for requiring allegations of lack of representation to be firmly founded in the record than in routine ineffective assistance of counsel cases.

What little record we do have shows that trial counsel advised appellant regarding filing notice of appeal. We do not know when this was done. For all we know, trial counsel told appellant about a panoply of appellate rights, rules, odds of success, and left it up to appellant to contact counsel if appellant wanted to appeal. Then, after 28 days went by, appellant for some reason decided he wanted to appeal so he got his mother to file notice in the court of appeals without consulting trial counsel. Because the notice was filed in the wrong court, the trial court was not even notified of appellant's desire to appeal until after the 30 days had run in which to file a motion for new trial. It appears from the record that, as soon as the trial court learned of appellant's desire to appeal, appellant's indigency was established and appellate counsel was appointed at appellant's request.

■ We adopt an approach that places the burden on an appellant to demonstrate from the record such deprivation of counsel that no opportunity to file a motion for new trial was had. Appellant has not met that burden in this case. Appellant acknowledges the difficulty presented by this situation, but urges this Court to grant an out-of-time motion for new trial so that appellant will be heard sooner on direct appeal rather than later on a writ of habeas corpus.

■ We have previously asserted our authority to abate an appeal for an evidentiary hearing in a proper case, but we have declined to do so in cases lacking a firm foundation in the record. *See Padilla v. State*, 889 S.W.2d 1, 2 (Tex.App.—Houston [1st Dist.] 1990, no pet.); *Schaired v. State*, 786 S.W.2d 497, 499 (Tex.App.—Houston [1st Dist.] 1990, no pet.). We likewise conclude appellant has not presented a firm foundation for his claim of deprivation of counsel in this case.

Accordingly, we overrule appellant's first point of error.

### Ineffective Assistance of Counsel

In his second point of error, appellant contends he was denied effective assistance of counsel at the punishment phase and requests a new hearing on punishment. Appellant argues that because trial counsel failed to object during the punishment hearing to the prosecutor testifying to what the victim had told an interpreter, and because counsel did not request additional time in which to deal with this information, then counsel was ineffective.

The relevant portion of the prosecutor's punishment argument was:

I do know from talking to her through the interpreter, *as indicated in the pre-sentence investigation*, that Ms. Hong does have a serious injury to her finger; that she does not have normal use of that finger
. . .

(Emphasis added.) The State maintains the prosecutor was arguing evidence in the pre-sentence investigation (PSI) report.

When analyzing the effectiveness of counsel during the punishment phase of a non-capital offense, the test is whether counsel was reasonably likely to render effective assistance and whether counsel reasonably rendered effective assistance. *Craig v. State*, 825 S.W.2d 128, 129 (Tex.Crim.App.1992). Allegations of ineffective assistance of counsel must be firmly founded in the record. *Harrison v. State*, 552 S.W.2d 151, 152 (Tex.Crim.App.1977). Ineffective assistance allegations which are not well founded cannot be sustained. *Spencer v. State*, 666 S.W.2d 578, 580 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd).

A prosecutor is entitled to summarize the evidence and to draw conclusions and deductions from the evidence. *Cook v. State*, 858 S.W.2d 467, 476 (Tex.Crim.App. 1993). A failure to object to admissible evidence does not constitute ineffective assistance of counsel. *McFarland v. State*, 845 S.W.2d 824, 846 (Tex.Crim.App.1992). It logically follows that the same principle applies to prosecutorial argument based on evidence.

Without the PSI report in the record, we are unable to discern whether the prosecutor was summarizing the information in the report or testifying outside the record. Thus, appellant's allegation of ineffective assistance of counsel is not firmly founded on the record. Accordingly, we overrule his second point of error.

### Limiting Defense Argument

In his third point of error appellant contends the trial court erred by cutting off trial counsel before he was finished arguing appellant's case. Appellant argues that when trial counsel attempted to answer an assertion made by the prosecutor, the trial judge cut him off and did not let him finish. Appellant requests a new hearing on punishment.

The record shows that the State argued first, followed by defense counsel, and then the State closed. Defense counsel asked to respond again, and the trial judge denied the request, stating he had heard enough.

Appellant asserts that he was entitled to correct any inaccuracies in the PSI report under article 42.12, section 9(e) of the Texas Code of Criminal Procedure. The record shows that, before argument, appellant was given an opportunity to make corrections on the report, and trial counsel did so. Nevertheless, appellant argues that based on his right to correct the inaccuracies in the report, he should have been allowed to comment on the inaccuracies in the prosecutor's argument based on the PSI report.

In Texas, the order and presentation of argument is left to the sound discretion of the trial court. *Nelson v. State*, 828 S.W.2d 185, 187 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). Article 36.07 of the Code of Criminal Procedure, however, requires the trial court to allow the State to make the concluding address. *Nelson*, 828 S.W.2d at 187; Tex.Code Crim.Proc.Ann. art. 36.07 (Vernon 1981). A defendant is not entitled to more than one argument, unless he is represented by more than one attorney. *Nelson*, 828 S.W.2d at 187. Even when defense counsel declines to make argument after a prosecutor's opening argument, the State is allowed to present closing argument.

*Martin v. State*, 623 S.W.2d 391, 396 (Tex. Crim.App.1981). Therefore, the trial court did not err in denying defense counsel a second argument.

We overrule appellant's third point of error.

### Conclusion

We affirm the trial court's judgment.