# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00559-CR

**Michael Ray Flynn, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 60652, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Michael Ray Flynn of robbery. *See* Tex. Penal Code Ann. § 29.02 (West 2003). He was sentenced to twenty years in prison. In three issues, Flynn contends that his due process rights were violated when the district court denied him the opportunity to address the jury a second time to rebut the State's closing argument. We affirm the district court's judgment.

On October 18, 2006, Flynn was stopped by a loss prevention officer when he attempted to steal merchandise from a retail store. He fled but was later apprehended by police.

A jury found Flynn guilty of robbery. Flynn had elected to have the jury assess punishment in the event of a conviction. At the punishment phase, evidence was heard, and the charge was presented to the jury. The State presented the opening segment of its closing argument without recommending a specific punishment:

Folks, I'm going to have an opportunity to talk to you again. I want you to listen with great care to Mr. Parker, and then I'll have an opportunity to talk to you about what I think about the case. Ultimately, you're going to be guided by your own conscience on what is proper in this case. My job is to see that justice is done. His job is to represent his client. Your job is to decide what happens in this case.

Defense counsel responded with his closing argument, telling the jury: "Well, we can take it from that that they're not going to recommend anything. Could be 2, could be 20, they're going to leave it up to you." Defense counsel then asked the jury for a sentence of less then ten years and for community supervision. In the final segment of its closing argument, the State recommended a sentence of twenty years. The district court denied defense counsel's request to address the jury in response to the State's punishment recommendation. The jury sentenced Flynn to twenty years in prison. Flynn appeals, contending that his due process rights were violated.

Flynn's three related points of error address the trial court's decision to deny him the opportunity to rebut the State's final closing argument in the punishment phase of trial. Flynn argues that his due process rights were violated when the district court denied him the opportunity to address the jury a second time in rebuttal to the State in the punishment phase of the trial when the State "misled" him into believing that it would not make a specific punishment recommendation as a part of its closing.

We review the district court's decision as to the general order and format of closing arguments for abuse of discretion. *See Varela v. State*, 561 S.W.2d 186, 192 (Tex. Crim. App. 1978); *Tamez v. State*, 27 S.W.3d 668, 674 (Tex. App.—Waco 2000, pet. ref'd). To support his position, Flynn relies on the following provision of the code of criminal procedure:

> The court shall never restrict the argument in felony cases to a number of addresses less than two on each side.

Tex. Code Crim. Proc. Ann. art. 36.08 (West 2007). Citing the statutory language, Flynn argues that the district court erred when it allowed the State two opportunities to address the jury in closing arguments but denied him a second opportunity during closing in the punishment phase of the trial.

The statutory right to argue at the close of the evidence is derived by inference from articles 36.07 and 36.08 of the Texas Code of Criminal Procedure. *See id.* arts. 36.07, 36.08 (West 2007); *Dang v. State*, 154 S.W.3d 616, 619 (Tex. Crim. App. 2005). Article 36.07 gives the trial court broad discretion regarding the general order of arguments, Tex. Code Crim. Proc. Ann. art. 36.07; *Dang*, 154 S.W.3d at 619-20, except that the court is required to allow the State the right to make the concluding address, Tex. Code Crim. Proc. Ann. art. 36.07; *Nelson v. State*, 828 S.W.2d 185, 187 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd).

In situations where, as here, the defendant has only one attorney, courts have interpreted article 36.08 to give the trial court the discretion to determine whether defense counsel may address the jury more than once in closing. *Id.*; *Pryor v. State*, 449 S.W.2d 482 (Tex. Crim. App. 1969). Consistent with this interpretation and the State's right to have the last word, Texas courts have uniformly rejected arguments that an appellant was denied the opportunity to rebut the State's final closing argument. *See, e.g.*, *Varela*, 561 S.W.2d at 192; *Martinez v. State*, 501 S.W.2d 130, 132 (Tex. Crim. App. 1973); *Tamez*, 27 S.W.3d at 674; *Burnett v. State*, 959 S.W.2d 652, 660 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *Nelson*, 828 S.W.2d at 187.

In *Burnett*, for example, the appellant argued that he should have been allowed to address the jury a second time to correct alleged inaccuracies in the prosecutor's argument relating to a pre-sentence investigation report. 959 S.W.2d at 660. The court of appeals held that, because the appellant was given the opportunity to make these corrections before argument and in light of the State's right to have the final word, the trial court acted within its discretion in denying the appellant the opportunity to correct alleged inaccuracies in the prosecutor's argument. *Id.* at 660-61.

Recognizing that courts have interpreted article 36.08 to guarantee defense counsel only one segment of closing argument and that the State has the last word under article 36.07, defense counsel has the obligation to anticipate and preemptively respond to arguments that may be made by the State in closing.[1] Here, the district court allowed the State to address the jury twice and defense counsel to address the jury once in closing argument, but refused to grant defense counsel's request to make another argument to rebut the State's final word. We decline to overturn Texas courts' longstanding and uniform interpretation of article 36.08, we find no abuse of discretion, and we overrule Flynn's points of error.

---

[1] Flynn argues that his case is distinguishable because he "objected even before [his] first (and only) closing argument to the jury." In doing so, Flynn argues, he put "the trial court on notice of [his] desire to respond to any specific recommendation as to punishment by the State during the sentencing phase." The timing of his objection and the idea that he was "putting the trial court on notice" even before his own argument began does not change the applicable law, which, as discussed, requires that the State be allowed the last word, but otherwise allows the trial court the discretion to determine the order and format of closing argument. *See* Tex. Code Crim. Proc. Ann. art. 36.07 (West 2007); *Dang v. State*, 154 S.W.3d 616, 619 (Tex. Crim. App. 2005); *Nelson v. State*, 828 S.W.2d 185, 187 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd).

Flynn's points of error are overruled, and the judgment of conviction is affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   September 26, 2008

Do Not Publish