Affirmed and
Memorandum Opinion filed October 1, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-01013-CV

____________

 

IN THE INTEREST OF R.S., a child

 



 

On Appeal from the 310th District Court

Harris County, Texas

Trial Court Cause No. 2008-32563

 



 

M E M O R
A N D U M   O P I N I O N

Erica Haywood appeals a final decree terminating her parental
rights to her child, R.S. In three issues, appellant challenges the sufficiency
of the evidence to support the finding that her parental rights should be
terminated and claims her trial attorney provided ineffective assistance of
counsel. We affirm the trial court’s judgment.

When R.S. was born, appellant refused to let the hospital
medical staff attend to the baby. Appellant exhibited bizarre behavior, and the
staff was concerned about her mental state. The hospital staff believed
appellant required psychiatric therapy and could not provide adequate
supervision of the child. Appellant had a black eye, and staff was concerned
about her home situation. A caseworker from the Texas Department of Family
& Protective Services investigated the hospital’s concerns that the child
was in danger. The Department filed suit and was granted temporary protective
orders for custody of the child. After a non-jury trial, the court terminated
appellant’s parental rights and this appeal followed.  

Parental rights can be terminated only upon proof by clear
and convincing evidence that (1) the parent has committed an act prohibited by
section 161.001(1) of the Texas Family Code, and (2) termination is in the best
interest of the child. In re J.O.A., 283 S.W.3d 336, 344 (Tex. 2009);
Tex. Fam. Code Ann. § 161.001(1), (2) (Vernon 2008). Clear and convincing
evidence is “proof that will produce in the mind of the trier of fact a firm
belief or conviction as to the truth of the allegations sought to be
established.” Tex. Fam. Code Ann. § 101.007 (Vernon 2008); In re J.F.C.,
96 S.W.3d 256, 264 (Tex. 2002).  Although the two elements must be proven
independently, the same evidence may be probative of both issues. In re C.H.,
89 S.W.3d 17, 28 (Tex. 2002).

The trial court found by clear and convincing evidence that appellant
had committed four of the grounds for termination listed in section 161.001(1)
of the Texas Family Code. Specifically, the court found appellant violated
subsections D, E, M and O of section 161.001(1).[1]
 The trial court also found that termination is in the best interest of
the child. Tex. Fam. Code Ann. § 161.001(2) (Vernon 2008). 

As an initial matter, the Department asserts that the Family
Code precludes our review of appellant’s issues because she failed to file a timely
statement of appellate points. See Tex. Fam. Code Ann. § 263.405(i)
(Vernon 2008). The Texas Family Code requires that a statement of points on
which a party intends to appeal be presented to the trial court within fifteen
days after the signing of a final order terminating parental rights. Tex. Fam. Code
Ann. § 263.405(b) (Vernon 2008). The Code further provides that an appellate
court is to consider only those issues presented to the trial court in a timely
filed statement of points. Id. § 263.405(i). Appellant filed her First
Notice of Appeal six days after judgment on October 15, 2008. The second page
of the notice of appeal contains her statement of points, asserting
insufficiency of the evidence and ineffective assistance of counsel, among
other issues. The second page of this notice of appeal was not included in the
original record, but a copy was filed with the clerk of this court. Accordingly,
we ordered supplementation of our record to include the missing page containing
the statement of points. Therefore, we may properly consider appellant’s
issues.

In her first two issues, appellant challenges legal and
factual sufficiency of the evidence to support the trial court’s findings that
her parental rights should be terminated and that termination is in R.S.’s best
interest. In conducting a legal sufficiency review in a parental termination
case, we are to look at all the evidence in the light most favorable to the
finding to determine whether a reasonable trier of fact could have formed a
firm belief or conviction that its finding was true. In re J.P.B., 180
S.W.3d 570, 573-74 (Tex. 2005). In reviewing termination findings for factual
sufficiency, a court of appeals must give due deference to the trier of fact’s
factual determination. In re C.H., 89 S.W.3d at 27. We are to determine whether
the evidence is such that a factfinder could reasonably form a firm belief or
conviction about the truth of the allegations. Id. at 25. 

In her argument that the evidence is insufficient to support
one of the statutory predicate grounds for termination, appellant discusses
only the grounds alleged in sections 161.001(1)(D), (E), and (O). There is no
mention of section 161.001(1)(M) in appellant’s brief.  Section 161.001(1)(M)
of the Family Code provides as a ground for termination of parental rights a
finding that the parent-child relationship was terminated with respect to
another child based on a finding of endangerment as set forth in sections
161.001(D) or (E). Tex. Fam. Code Ann. 161.001(M) (Vernon 2008). At trial, a
certified copy of the 2006 decree issued by the same trial court terminating
appellant’s rights to another child based on the finding that she endangered
the child pursuant to Section 161.001(E) was admitted into evidence. See In
re R.A.P., No. 14-06-00109-CV, 2007 WL 174376 (Tex. App. —Houston [14th
Dist.] Jan. 25, 2007, pet. denied) (mem. op.); see also Tex. R. Evid.
201 (permitting courts to take judicial notice of court decisions). We conclude
that this evidence is legally and factually sufficient to support the court’s
finding under section 161.001(1)(M).

In addition, the trial court’s findings must be challenged on
appeal, or the findings are binding on the appellate court. IKB Indus.
(Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 445 (Tex. 1997). Therefore,
the unchallenged finding that termination is supported by section 161.001(1)(M)
is binding, and the judgment of termination may be supported without
considering the other statutory predicate grounds. See In re A.V., 113
S.W.3d 355, 362 (Tex. 2003) (holding that only one finding under section
161.001(1) is necessary to support a termination judgment when there is also a
finding that termination is in the child’s best interest). The remainder of our
review is limited to the sufficiency of the evidence supporting the trial
court’s finding that termination is in the child’s best interest.

There are several factors that should be taken into account
when determining whether termination of parental rights is in the best interest
of the child. In re R.R, 209 S.W.3d 112, 116 (Tex. 2006). These include factors
set forth in section 263.307 of the Family Code that are relevant in the
particular case. Tex. Fam. Code § 263.307 (Vernon 2008).[2]
In addition, the Texas Supreme Court has promulgated best-interest factors including
(1) the desires of the child; (2) the emotional and physical needs of the child
now and in the future; (3) the emotional and physical danger to the child now
and in the future; (4) the parental abilities of the parent; (5) the programs
available to assist the parent; (6) the plans for the child by the parent; (7)
the stability of the home; (8) the parent’s acts or omissions that indicate
that the existing parent-child relationship is not a proper one; and (9) any
excuse for the parent’s acts or omissions. Holley v. Adams, 544 S.W.2d
367, 372 (Tex. 1976). These Holley factors are not exhaustive; some of
those listed may not apply, while other factors that are not listed may be
appropriate. In re C.H., 89 S.W.3d at 27.  

At trial, the Department’s caseworker on this case, Latasha
Hurd, testified about the Department’s initial involvement in the case and
explained that appellant had previously had her rights terminated as to one
child and her rights severely restricted as to another child. Hurd testified
that appellant also has an open case in Georgia involving a third child. She
testified that appellant was not exercising her supervised visitation of the
child to which she retained her parental rights. Appellant rejected the
assistance of all services offered by the Department to improve her abilities as
a parent and caregiver. She had not demonstrated that she could provide a safe
and stable home for R.S. She had not provided any documentation of housing or
employment and was not willing to participate in a psychological examination.
Hurd also testified that appellant was in a relationship involving domestic
violence, and that there would be an immediate risk of harm to R.S. if she were
returned to her mother. Appellant had a black eye when she was in the hospital
for R.S.’s birth. Several criminal convictions against appellant and the baby’s
alleged father were also admitted into evidence. The convictions against
appellant during 2004 and 2005 included criminal mischief, criminal trespass,
failure to identify to a police officer, and resisting arrest. These
convictions resulted in jail time of fifteen or twenty days for each offense.
Appellant was also charged with a felony count of interference with child
custody in late 2005 and was confined in jail for 180 days.

Erica Domain, a Department supervisor, also testified. She
testified about the child protective case in Georgia that was opened because of
appellant’s erratic behavior and domestic violence issues. Domain testified
appellant was not cooperative with either the Georgia agency or her department.
She also testified appellant rarely visited R.S. She believes appellant is ill
and needs help.

Because R.S. is an infant, our review focuses primarily on
those best-interest factors related to appellant’s ability to care for a young
child totally dependent on her caregivers. The Department was granted custody
of R.S. shortly after her birth. R.S. was only a few months old at the time of
trial. A Department supervisor testified appellant rarely visited the baby.
When a child is very young, a court may consider whether the child has any
conscious knowledge of the parent in determining the child’s best interest. See
In re B.M.R., 84 S.W.3d 814, 820 (Tex. App.—Houston [1st Dist.] 2002, no
pet.).

There is no evidence that appellant has the ability to care
for her daughter or to even provide a home for her. There is no evidence of
employment so that appellant could provide for the needs of the child. She
refused to cooperate with the Department or take advantage of the services
offered. With no income or home, a parent is unable to provide for a child’s
emotional and physical needs. See In re C.A.J., 122 S.W.3d 888, 894
(Tex. App.—Fort Worth 2003, no pet.).

There is no evidence that appellant had any parenting skills.
It is appropriate to consider the parent’s past parenting ability in
considering best interest of the child. See In re. C.H.¸ 89 S.W.3d at
27. Appellant endangered another child and her rights to that child were
terminated. Her rights to another child were severely restricted. At the time
of trial, Georgia officials were investigating the conditions surrounding a
third child, after reports of appellant’s violent domestic relationship. 

There is sufficient evidence that appellant cannot provide a safe
physical home environment or protection from repeated exposure to violence,
even though the violence may not have been directed at the child. Appellant was
engaged in a relationship involving domestic violence. She behaved strangely at
R.S.’s birth and refused the let the hospital staff care for her daughter.
Appellant had an extensive criminal background with frequent stints in jail. See
In re S.M.L., 171 S.W.3d 472, 480 (Tex. App.—Houston [14th Dist] 2005, no
pet.) (recognizing that a pattern of criminal behavior makes it likely the
parent will face incarceration in the future). Imprisonment of a parent, of and
by itself, does not constitute endangerment of a child; nevertheless, where
such imprisonment is a result of a voluntary, deliberate, and conscious course
of conduct, it qualifies as conduct that endangers the emotional well-being of
a child. See Texas Dep't of Human Servs. v. Boyd, 727 S.W.2d 531, 533-34
(Tex. 1987). 

We hold the evidence is legally and factually sufficient to
support the trial court’s finding that termination of the parent-child
relationship is in the best interest of R.S. We overrule appellant’s first two
issues.

In her third issue, appellant contends her rights should not
have been terminated because her trial counsel was ineffective. By statute,
indigent parents contesting the termination of their parental rights are
entitled to appointed counsel. Tex. Fam. Code Ann. § 107.103(a)(1)(Vernon
2008). This statutory right to counsel in termination cases embodies the right
to effective counsel. In re M.S., 115 S.W.3d 534, 544 (Tex. 2003).
Indigent parents with statutorily appointed counsel are entitled to effective
assistance, and if counsel is not effective a parent may raise ineffective
assistance of counsel in contesting a termination order. See In re J.O.A.,
283 S.W.3d at 341; M.S., 115 S.W.3d at 544.

The two-pronged Strickland analysis applies to claims
of ineffective assistance of counsel in termination cases In re M.S.,
115 S.W.3d. at 545 (applying Strickland v. Washington, 466 U.S. 668,
687, 104 S.Ct. 2052 (1984)). To establish ineffective assistance of counsel
under Strickland, the complaining parent must show by a preponderance of
the evidence her counsel’s performance was deficient and the deficient
performance deprived the parent of a fair trial. Id. There is a strong presumption that counsel’s
conduct fell within the wide range of reasonable professional assistance,
including the possibility that counsel’s actions are strategic. In re H.R.M.,
209 S.W.3d 105, 111 (Tex. 2006). The parent’s burden is to show that counsel’s
performance fell below an objective standard of reasonableness. In re M.S.,
115 S.W.3d at 549. Allegations of ineffective assistance must be firmly founded
in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. In re K.K., 180 S.W.3d 681, 685 (Tex. App.—Waco 2005,
no pet.). 

At the pre-trial conference, appellant’s appointed attorney
advised the court that she had not been able to contact appellant, and a letter
mailed to her last known address had been returned. Counsel filed a motion for
continuance and a motion to withdraw, both of which were denied on the day of
trial. After the motions were denied, counsel informed the court that she had
spoken to her client the week before and appellant advised counsel that she
would not appear at trial and she did not want counsel to represent her. Appellant
filed several pro se motions requesting, among other matters, that her
case be transferred to Georgia. At trial, counsel did not cross-examine the
Department’s witnesses. Counsel also did not object to hearsay testimony
concerning the investigation of appellant in Georgia.[3]
Appellant complains this evidence harmed her because it demonstrated
another CPS case had been filed against her. We reject this contention because
there was sufficient other evidence of cases concerning appellant’s other
children before the court. Certified copies of the judgments in two other cases
concerning appellant’s children, one terminating her rights and another
severely restricting them, were admitted at trial. See Tex. R. Evid.
803(8) (excepting public records from hearsay). Thus, the effect of the testimony
about the Georgia investigation was minimal.

The Department asserts that appellant is estopped from
claiming ineffective assistance of counsel after refusing to cooperate with her
attorney in preparing for trial. Appellant directed her attorney not to represent
her at trial. She filed pro se pleadings,[4]
and she failed to appear for trial after evidence showed she was aware of the
trial setting. For a party to be estopped from asserting a position in an
appellate court based on actions it took in the trial court, the party must
have unequivocally taken a position in the trial court that is clearly adverse
to its position on appeal. In re Dep’t of Fam. & Prot. Servs., 273
S.W.3d 637, 646 (Tex. 2009). Appellant’s actions thwarted her counsel’s efforts
at trial. Appellant also could be said to have invited any error by her
counsel. The invited error doctrine applies to situations where a party
requests a specific ruling or action, then complains of that action on appeal. Id.
The intentional withholding of information by a client cannot result in an
ineffective assistance of counsel claim. See Rodriguez v. State, 74
S.W.3d 563, 568-69 (Tex. App.—Amarillo 2002, pet. ref’d). Appellant refused to
cooperate with counsel and did not want her representation; thus, she should
not benefit from a reversal based on counsel’s actions at trial.

We conclude appellant’s appointed counsel did not provide
ineffective assistance of counsel under the facts presented here. Appellant’s
third issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Seymore and Sullivan.  









[1]  Family
Code Section 161.001 provides in relevant part that a court may terminate the
parent-child relationship if the court finds by clear and convincing evidence
that termination is in the best interest of the child and the parent has: . . .


(D) knowingly placed or
knowingly allowed the child to remain in conditions or surroundings which
endanger the physical or emotional well-being of the child; 

(E) engaged in conduct or
knowingly placed the child with persons who engaged in conduct which endangers
the physical or emotional well-being of the child; . . . 

(M) had his or her parent-child
relationship terminated with respect to another child based on a finding that
the parent's conduct was in violation of Paragraph (D) or (E) or substantially
equivalent provisions of the law of another state;  . . . 

(O) failed to comply with the
provisions of a court order that specifically established the actions necessary
for the parent to obtain the return of the child who has been in the permanent
or temporary managing conservatorship of the Department of Family and
Protective Services for not less than nine months as a result of the child's
removal from the parent under Chapter 262 for the abuse or neglect of the
child. . . . .

Tex. Fam. Code Ann. §
161.001(1) (Vernon 2008).





[2]  The following statutory factors relevant to this case
include:

(1)
the child’s age and physical and mental vulnerabilities;  . . . 

(3)
the magnitude, frequency, and circumstances of the harm to the child; . . . 

(7)
whether there is a history of abusive or assaultive conduct by the child's
family or others who have access to the child’s home; . . . 

(10)
the willingness and ability of the child’s family to seek out, accept, and
complete counseling services and to cooperate with and facilitate an
appropriate agency’s close supervision; 

(11)
the willingness and ability of the child’s family to effect positive
environmental and personal changes within a reasonable period of time; 

(12)
whether the child’s family demonstrates adequate parenting skills, including
providing the child and other children under the family's care with: 

(A)
minimally adequate health and nutritional care; 

(B)
care, nurturance, and appropriate discipline consistent with the child's
physical and psychological development; 

(C)
guidance and supervision consistent with the child's safety; 

(D)
a safe physical home environment; 

(E)
protection from repeated exposure to violence even though the violence may not
be directed at the child; and 

(F) an understanding of the child’s needs and
capabilities; and 

(13)
whether an adequate social support system consisting of an extended family and
friends is available to the child.

Tex.
Fam. Code Ann. § 263.307(b) (Vernon 2008).





[3]  Counsel did object to other hearsay and the admission
of uncertified copies of documents.





[4] The filing of pro se matters does not establish
the deprivation of counsel because the practice is common when parties are
represented by counsel. Burnett v. State, 959 S.W.2d 652, 659 (Tex. App.-—Houston
[1st Dist.] 1997, pet. ref’d).