# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00793-CR

**Chineme Reginald Ogbuehi, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 22ND DISTRICT COURT OF COMAL COUNTY,
### NO. CR2022-102B, THE HONORABLE TRACIE WRIGHT-RENEAU, JUDGE PRESIDING

## ORDER AND MEMORANDUM OPINION

**PER CURIAM**

Chineme Reginald Ogbuehi was convicted of two counts of bail jumping and sentenced to fifteen years' imprisonment in each count. *See* Tex. Penal Code §§ 12.42, 38.10. Following his conviction, an attorney was appointed to represent Ogbuehi on appeal. Ogbuehi's appointed counsel has now filed a motion to withdraw as counsel. Attached to the motion is Ogbuehi's letter to counsel stating that Ogbuehi wants to represent himself and asking counsel to withdraw.

Indigent defendants are entitled to the appointment of counsel on appeal. *Cooks v. State*, 240 S.W.3d 906, 910 (Tex. Crim. App. 2007). The legislature has given the trial court the responsibility of appointing counsel in criminal proceedings. Tex. Code Crim. Proc. arts. 1.051(d), 26.04(j)(2). When counsel is appointed by the trial court to represent an indigent

defendant on appeal, it is the trial court's responsibility to relieve or replace counsel. *See Enriquez v. State*, 999 S.W.2d 906, 907 (Tex. App.—Waco 1999, no pet.); *Vercher v. State* No. 03-13-00799-CR, 2014 WL 2573747, at *1 (Tex. App.—Austin June 5, 2014, no pet.) (mem. op. & order, not designated for publication); *see also Burnett v. State*, 959 S.W.2d 652, 655 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (noting that appointed counsel has legal duty to represent defendant until officially relieved of obligation by court or appeal is exhausted); *Bell v. State*, 723 S.W.2d 317, 317 (Tex. App.—Austin 1987, order) (explaining that "[t]his Court will not allow appointed counsel to withdraw, thereby leaving an indigent appellant without counsel").

We therefore dismiss counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court to hold a hearing. *See Bell*, 723 S.W.3d at 317; *see also* Tex. R. App. P. 43.6 (permitting courts of appeals to make "any other appropriate order that the law and the nature of the case require"). Upon remand, counsel is instructed to re-file his motion to withdraw with the trial court. During the hearing, the trial court shall admonish Ogbuehi about his right to be represented by counsel on appeal and the dangers and disadvantages of proceeding pro se, *see* Tex. Code Crim. Proc. art. 1.051(g), and shall determine whether Ogbuehi desires to prosecute his appeal. Depending on what the trial court determines, it shall either grant counsel's motion and discharge counsel, deny counsel's motion, or alternatively, grant the motion and substitute a new appointed counsel that will effectively represent Ogbuehi on appeal.

The trial court will advise Ogbuehi or his appointed counsel that his appellant's brief is due within thirty days of the date of the trial court's hearing. The trial court shall make appropriate written findings and recommendations. Following the hearing, which shall be transcribed, the trial court shall order the appropriate supplemental clerk's and reporter's

records—including all findings, conclusions, and orders—to be prepared and forwarded to this Court no later than July 3, 2024. *See* Tex. R. App. P. 34.5(c)(2), .6(d) (authorizing supplementation of clerk's and reporter's records).

It is ordered on June 6, 2024.

Before Justices Baker, Triana, and Kelly

Abated and Remanded

Filed:   June 6, 2024

Do Not Publish