Opinion issued August 16, 2007










In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01122-CR

____________


REGINALD WAYNE GREEN


V.


THE STATE OF TEXAS






On Appeal from the 184th District Court

Harris County, Texas 

Trial Court Cause No. 1019449






O P I N I O N

 Appellant, Reginald Wayne Green, was charged with, and entered a plea of
nolo contendere for the offense of robbery by threats. We determine whether (1) the
trial court abused its discretion in not conducting a hearing on appellant's pro se new
trial motion, and (2) appellant was denied the assistance of counsel during the time
for filing and presenting a motion for new trial. We affirm.

FACTS

 On October 20, 2005, appellant, while represented by appointed trial counsel,
entered a plea of "no contest" to the charge of robbery by threats and was sentenced
to twenty-five (25) years' confinement, per a plea agreement recommendation. 
Eleven days later, on October 31, 2005, appellant filed a pro se motion entitled
"Original Motion of Appeal" alleging ineffective representation of trial counsel. 
Specifically, appellant claimed that "his Counsel of record should not have let the
defendant enter a plea unless defendant was evaluated no more than a week pryor
[sic] to entering a plea agreement," and that appellant's "meds" were not working
properly at the time he entered his plea. The initial certification of appeal reflects
appellant did not have permission to appeal at that time, but was amended January 25,
2006, to reflect that the court later granted its permission to appellant to appeal. 

 Appellant also filed two other pro se documents. On November 4, and
December 1, 2005, respectively, an "Appeal Brief" and "Motion to Suppress
Evidence" were filed by appellant. On December 1, 2005, forty-two days after
appellant was sentenced, the trial court appointed appellate counsel. At appellate
counsel's request, the trial court agreed to consider appellant's pro se "Original
Motion of Appeal" as a motion for new trial. However, the trial court denied
counsel's request for a hearing on the motion and also overruled the motion. 

 Also relevant to the issues before this Court are the results of a competency and
sanity evaluation ordered by the trial court prior to appellant's punishment hearing,
the results of which found appellant to be both competent and sane. The trial court
also took judicial notice of the fact that it ordered the evaluations, and the reports of
"those documents in the Court's file." Appellant also signed admonishments that he
was mentally competent and that he understood the nature of the charge against him. 
He also noted his total satisfaction with trial counsel, acknowledging further that he
had "received effective and competent representation."

Hearing on Motion for New Trial


 In his first issue on appeal, appellant contends the trial court erred in denying
his motion for new trial without first granting him a hearing because his motion raised
issues not determinable from the record.

Standard of Review

 When reviewing on appeal a trial court's denial of a hearing on a motion for
new trial, the proper standard of review is abuse of discretion. Wallace v. State, 106
S.W.3d 103, 108 (Tex. Crim. App. 2003) (citing Martinez v. State, 74 S.W. 3d 19, 22
(Tex. Crim. App. 2002) (examining whether court of appeals departed from
established standard for determining sufficiency of appellant's affidavit supporting
motion for new trial)); McIntire v. State, 698 S.W.2d 652, 660 (Tex. Crim. App.
1985) (en banc) (holding discretion abused in failing to provide a hearing). We
review the trial court's denial of a hearing on a motion for new trial by examining
"whether the court acted without reference to any guiding rules and principles." 
Bruno v. State, 916 S.W.2d 4, 6 (Tex. App.--Houston [1st Dist.] 1995, pet. ref'd). 

Was Motion Technically Sufficient to Obtain a Hearing?

 We first consider whether appellant's motion was technically sufficient to
entitle him to a hearing. The technical, statutorily imposed requirements for a motion
for new trial to be considered on the merits by the presiding trial court require that the
motion be: (1) timely filed, (2) properly presented, and (3) adequately verified, or that
a sworn affidavit (by an inmate) is provided in lieu of verification. See Tex. R. App.
P. 21.4, 21.6; Tex. Civ. Prac. & Rem. Code Ann. §§ 132.001-.003 (Vernon 2005);
Owens v. State, 763 S.W.2d 489, 491 (Tex. App.--Dallas 1988, pet. ref'd). Timely filed?

 A motion for new trial must be filed within thirty days of the imposition of the
sentence. Tex. R. App. P. 21.4. Appellant filed his initial pro so motion on October
31, 2005, eleven days following the date of his sentencing on October 21, 2005. 
Appellant has met the applicable time requirement for filing new trial motions. 

 Presented?

 It is not enough for the motion to be timely filed; it must also be properly
presented to the trial court. Merely filing the motion is insufficient to reach this
second requirement. Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). 
The Rules of Appellate Procedure require the defendant to present his motion for new
trial to the court "within 10 days of filing it, unless the trial court in its discretion
permits it to be presented and heard within 75 days from the date when the court
imposes or suspends sentence in open court." Tex. R. App. P. 21.6. However, when
a trial court rules on a motion for new trial within the seventy-five day period, that
ruling satisfies the requirement that the motion be "presented within ten days of filing
or the trial court permitted it to be presented after the ten days but within the 75 day
period." Musgrove v. State, 960 S.W.2d 74, 76 n.2 (Tex. Crim. App. 1998) (noting
that trial court's overruling of motion could be for untimely presentment, but that
court assumes it is "for reasons other than its late filing"). 

 In this instance, it is not clear from the record whether appellant timely met the
initial 10-day presentment requirement. The court did make a handwritten notation,
dated November 17, 2006, on appellant's "Original Motion of Appeal" indicating that
a pauper's oath needs to be "put on [the] dkt [docket]," suggesting the court was at
least put on some form of notice. Regardless, the trial court ruled on appellant's
motion and the hearing request on December 5, 2005, which occurred forty-six (46)
days following the imposition of sentencing. On this basis, appellant properly
presented his motion by way of the trial court's ruling within the seventy-five (75)
day period. See id.

 Verified?

 A supporting affidavit or verification is also a prerequisite to be met for a new
trial motion to meet the technical requirements for obtaining an evidentiary hearing. 
Rule of Appellate Procedure 10.2 states that "a motion must be supported by affidavit
or other satisfactory evidence " when it depends on certain "types of facts" such as
those "not in the record." Tex. R. App. P. 10.2; see also Redmond v. State, 30 S.W.3d
692, 699-700 (Tex. App.--Beaumont 2000, pet. ref'd) (citing several cases,
including Jordan v. State, 883 S.W.2d 664 (Tex. Crim. App. 1994), to refute
appellant's contention that rules do not require motion to be supported by an
affidavit, as incorrect, and in fact has "existed throughout the various incarnations of
the governing precept."). Further, an inmate may use an unsworn declaration, as
allowed by Chapter 132 of the Civil Practices & Remedies Code. Tex. Civ. Prac. &
Rem. Code Ann. §§ 132.001-.003; see also Owens, 763 S.W.2d at 490-91. In this case, appellant filed a sworn affidavit in support of his motion. Such an
affidavit "must be (1) in writing and (2) subscribed by the person making the
declaration as true under penalty of perjury" and, must be substantially in the form
as set out in section 132.003. Tex. Civ. Prac. & Rem. Code Ann. § 132.002-.003. 

 The State contends that appellant has not substantially complied with section
132.003, arguing that, because the appellant "includes the phrase 'to the best of my
knowledge,'" he has not attested to the truthfulness of the facts. Therefore, the State
argues that appellant's "qualified" sworn statement is not effective as a verification
or affidavit. However, in Ex Parte Johnson, the Court of Criminal Appeals held that 
an "unsworn declaration . . . 'that all allegations and statements in the foregoing Writ
of Habeas Corpus are true and correct to the best of my knowledge" substantially
complied with the form required by section 132.003. 811 S.W.2d 93, 97 (Tex. Crim.
App. 1991). Under the reasoning of Johnson, appellant's affidavit substantially
complies with section 132.003, even though it includes the surplus language "to the
best of my knowledge." 

 Having determined that appellant's motion for new trial was technically
sufficient to entitle him to a hearing, we turn now to the whether it was substantively
sufficient to entitle him to a hearing.


Was Motion Substantively Sufficient to Obtain a Hearing?

 When a motion for new trial presents matters that are not determinable from
the record, the trial court abuses its discretion in declining to hold an evidentiary
hearing. Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). A defendant,
however, does not have an absolute right to a hearing on a motion for new trial. Id.
at 815. The motion for new trial must be supported by an affidavit specifically
showing the truth of the grounds alleged as a basis for a new trial. Id. at 816. 
Affidavits that are conclusory in nature and unsupported by facts are insufficient to
put the trial court on notice that reasonable grounds for relief exist. Jordan v. State,
883 S.W.2d 664, 665 (Tex. Crim. App. 1993).

 In Buerger v. State, the court explained that "affidavits which are conclusory
in nature and unsupported by facts are not sufficient to put the trial court on notice
that reasonable grounds for relief exist." 60 S.W.3d 358, 362 (Tex. App.--Houston
[14th Dist.] 2001, pet. ref'd) (citing Jordan, 883 S.W.2d at 665). The facts of
Buerger are very similar to the present case. In that case, Buerger offered only his
own sworn affidavit, stating that he did not receive medication that he regularly took,
which "prevented [him] from being fully alert and oriented" during the proceedings. 
60 S.W.3d at 362-63. The court found his affidavit to be conclusory because Buerger
"did not allege what medication he needed; why it was needed or how its absence
affected his competency during the hearing." Id. at 363. 

 The facts here are likewise conclusory. Appellant states that "his meds" were
not working and his counsel was aware of this and "ignored" him. However,
appellant never explained how the absence of medication affected his state of mind,
much less how long he was not taking medication, or how the lack of, or improper
dosage of, his medicine affected his mental state between the time of his sanity and
competency evaluations and his plea hearing. Similarly, appellant's affidavit
conclusorily states that he was "ignored" by counsel, but does not demonstrate how
the alleged conduct of trial counsel was deficient or how appellant was harmed. 
Because appellant's affidavit is conclusory, he has not established specific grounds
that would "entitle" him to a new trial. Id. We hold, therefore, that appellant has not
shown that the trial court erred in refusing to conduct a hearing on his motion for new
trial.

 Accordingly, we overrule point of error one.

Lack of Counsel During Time for Filing New Trial Motion


 In his second point of error, appellant argues that he was denied the assistance
of counsel during the time for filing a motion for new trial. Specifically, appellant
argues that "had Appellant been effectively represented and not abandoned by trial
counsel during the crucial time frame for filing a motion for new trial, counsel could
have amended the motion and remedied any legal deficiencies this Court may hold
are present in the pro se motion." Additionally, appellant argues that had appellate
counsel been appointed during the period for filing a motion for new trial, "counsel
could have filed an amended motion to comply with all the technical requirements
necessary to entitle Appellant to a hearing on the motion for new trial." 

 Our appellate review of this issue begins with the presumption that trial
counsel continued to effectively represent the appellant during the 30-day window for
filing a motion for new trial. Oldham v. State, 977 S.W.2d 354, 361 (Tex. Crim. App.
1998); see Ward v. State, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); Benson v.
State, 224 S.W.3d 485, 491 (Tex. App.--Houston [1st Dist.] 2007, no pet) (en banc). 
However, the presumption that trial counsel continued to represent the appellant may
be rebutted. Oldham, 977 S.W.2d at 363; Benson, 224 S.W.3d at 491.

 If an appellant rebuts the presumption by showing that he was not adequately
represented during the period for filing a motion for new trial, then the remedy is to
abate the proceedings and restart the appellate timetable. See Ward, 740 S.W.2d at
800; Benson, 224 S.W.3d at 491. The burden to produce evidence to rebut the
presumption is on the appellant. See Oldham, 977 S.W.2d at 363; Benson, 224
S.W.3d at 491.

 To defeat the presumption, an appellant must show more than that (1) appellant
filed a pro se notice of appeal; (2) the appellate attorney was "to be determined"; (3)
the trial court appointed appellate counsel after the expiration of the time for filing
a motion for new trial; (4) on appeal, appellant would have raised further complaints
had a motion for new trial been filed; (5) appellant appeared without counsel when
signing a pauper's oath and requesting appellate counsel; and (6) the record shows
no activity by trial counsel or any motion to withdraw from the case. Oldham, 977
S.W.2d at 362-63; see also Smith v. State, 17 S.W.3d 660, 662-63 (Tex. Crim. App.
2000) (holding facts that Smith filed pro se notice of appeal, that trial court appointed
appellate counsel after expiration of window for filing motion for new trial, that
Smith was brought to court without counsel when he signed pauper's oath to receive
appointed appellate counsel, and that Smith complained about ineffective assistance
of counsel that he claims he would have developed at motion for new trial hearing,
were insufficient to rebut presumption that trial counsel continued to represent
appellant during window for filing motion for new trial).

 Appellant, relying on Prudhomme v. State, 28 S.W.3d 114, 120 (Tex.
App.--Texarkana 2000, no pet.), contends that by filing a pro se "Original Motion
of Appeal," and accompanying "Appeal Brief" in which he requested a new trial, he
has rebutted the presumption that he was represented at a critical stage of the
proceedings. 

 In Prudhomme, the defendant, though arguably still represented by trial
counsel, filed a pro se "Motion to Withdraw Plea," notice of appeal, and motion to
substitute trial counsel for appellate counsel. Id. at 120. The court of appeals
recognized that Prudhomme's "Motion to Withdraw" was, according to State v.
Evans, 843 S.W.2d 576 (Tex. Crim. App. 1992), a motion for new trial, which
effectively rebutted the presumption that the defendant was not interested in pursuing
a motion for new trial. Id. The court further concluded that Prudhomme was harmed
by trial counsel's abandonment because Prudhomme's pro se motion, which "asserted
a facially plausible claim that his guilty plea was involuntary on the basis that trial
counsel told him he would get a probated sentence," was never presented and a
hearing on the motion was never requested. Id. at 120-21.

 We, however, disagree with the Prudhomme court's holding that a pro se
motion for new trial effectively rebuts the presumption that trial counsel continued
to effectively represent appellant during the window for filing a motion for new trial. 
This Court explored the issue of postconviction, pro se motions in Burnett v. State, 
959 S.W.2d 652, 659 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd). In Burnett,
the defendant filed a pro se notice of appeal on the 28th day after sentencing, in
which he stated that trial counsel had advised him that he needed to write a letter to
appeal the length of his sentence. Id. at 659. The defendant's mother filed a
statement accompanying the notice of appeal, in which she stated that she and the
defendant "had not had much cooperation from trial counsel." Id. This Court held
that these facts did not establish that the defendant had been deprived of counsel. Id. 
In so holding the Court noted, "The filing of pro se matters does not establish
deprivation of counsel, because the practice is commonplace when defendants are
represented by counsel." Id. The Court further held that the record on appeal was
insufficient to rebut the presumption that trial counsel continued to represent the
defendant. Id. The Court addressed the insufficiencies in the record as follows:

 What little record we do have shows that trial counsel advised appellant
regarding filing notice of appeal. We do not know when this was done. 
For all we know, trial counsel told appellant about a panoply of
appellate rights, rules, odds of success, and left it up to appellant to
contact counsel if appellant wanted to appeal. Then, after 28 days went
by, appellant for some reason decided he wanted to appeal so he got his
mother to file notice in the court of appeals without consulting trial
counsel.


Id. 

 As we stated in Burnett, the filing of "pro se matters"--whether it be a motion
for new trial or a notice of appeal--does not, in and of itself, rebut the presumption
that trial counsel acted in accordance with his continuing duty to represent his client. 
A pro se filing, without more, raises the issue of hybrid representation, not a lack of
representation. Thus, to the extent that Prudhomme holds that a pro se motion for
new trial is sufficient to rebut the presumption that trial counsel continued to fulfill
his duty to represent his client, we decline to follow it.

 We find no meaningful way to distinguish this case from Smith v. State, 17
S.W.3d at 661-62. In Smith, the defendant filed a pro se notice of appeal, in which
he claimed that "his attorney did not tell him of the need for character witnesses and
maintained that he had witnesses who would have been available to testify on his
behalf." Id. at 661. After the time for filing a new trial had passed, the trial court
appointed appellate counsel. Id. The court of criminal appeals held that appellant's
pro se notice of appeal alleging ineffective assistance of counsel, coupled with the
fact that he appeared without counsel at his indigency hearing did not overcome the
presumption that he was adequately represented by counsel during the time for filing
a motion for new trial. Id. at 663. The court noted that "there was nothing in the
record to suggest that appellant was not counseled by his attorney regarding the
merits of a motion for new trial." Id.

 This case presents the same factual scenario as that in Smith. Appellant filed
an "Original Motion for Appeal," like the pro se notice of appeal in Smith. And, as
in Smith, appellant's "Original Motion for Appeal" alleged that trial counsel was
ineffective. As in Smith, the trial court appointed appellate counsel after the time for
filing a motion for new trial had passed. The only difference between this case and
Smith is that, upon request by appellate counsel, the trial court agreed to consider
appellant's "Original Motion for Appeal" to be a motion for new trial, which the court
then denied without a hearing. However, we cannot see how this action by the trial
court compels a different result from that in Smith. Nothing in the record compels the
conclusion that appellant was abandoned by trial counsel.

 Similarly, in Benson, the defendant filed a pro se notice of appeal nine days
after sentencing, in which he stated that he had not been represented by counsel since
sentencing and requested appointment of appellate counsel. 224 S.W.3d at 489. This
Court held that there was nothing in the record to show "that trial counsel failed to
advise [the defendant] of his right to file a motion for new trial, to appeal from the
trial court's judgment or the necessity of giving notice of appeal, or refused to take
such actions after discussing them with [the defendant]." Id. at 497. As in Benson,
there is nothing in this record to show that trial counsel did not advise appellant of
his post-conviction rights, or that counsel refused to take any action requested by
appellant. Although appellant may develop a record to support an ineffectiveness
claim in a habeas corpus proceeding, he has failed here to overcome the presumption
that he was adequately represented by trial counsel during the time period of a motion
for new trial.

 Accordingly, following the holdings in Smith and Benson, we conclude that
appellant has failed to overcome the presumption that he was adequately represented
by counsel during the time for filing a motion for new trial.

 Accordingly, we overrule point of error two.

 We affirm the judgment.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.


Publish. Tex. R. App. P. 47.2(b).